An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: T.D. AND K.D., MINORS.

No. 66539

CLARK COUNTY DEPARTMENT OF FAMILY SERVICES,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ROBERT TEUTON, DISTRICT JUDGE,
Respondents,
and
JODI D.; AND THOMAS D.,
Real Parties in Interest.

**FILED**

OCT 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DENYING PETITION
FOR WRIT OF MANDAMUS OR PROHIBITION*

This original petition for a writ of mandamus or, in the alternative, prohibition challenges a district court order finding that there are compelling reasons for maintaining reunification between the children and real parties in interest as the permanency plan in a juvenile matter.[1]

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124

---

[1]Although petitioner has named Thomas D. as a real party in interest in this writ petition, it does not challenge the portion of the district court's order as it pertains to Thomas, and thus, this court expresses no opinion as to the district court's ruling regarding Thomas.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-33950

Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and the documents attached in support of the petition, we conclude that our intervention by extraordinary writ relief is not warranted. *See* NRS 34.160; NRS 34.320; *Smith*, 107 Nev. at 677, 818 P.2d at 851. In particular, petitioner asserts that the district court did not have authority to find compelling reasons to maintain reunification as the permanency goal under NRS 432B.553(2), which provides that petitioner shall include termination of parental rights as the permanency goal when the child has resided in foster care for 14 of the preceding 20 months unless, among other reasons, petitioner determines that there are compelling reasons why termination would not be in the child's best interest. The permanent placement plan in which petitioner would make such a recommendation is subject to court review. *See* NRS 432B.553(1)(a). And the district court is required to annually review the permanent placement plan to determine whether it would be in the best interest of the child to initiate proceedings to terminate parental rights. NRS 432B.590(1), (3)(b)(2)(I). Moreover, NRS 432B.590(3)(e) specifically provides that "[t]he provisions of this subsection do not limit the jurisdiction of the court to review any decisions of the agency with

legal custody of the child regarding the permanent placement of the child."
Here, petitioner failed to demonstrate that the district court arbitrarily or
capriciously abused its discretion in concluding that compelling reasons
existed to maintain the permanency goal of reunification here, *Pan*, 120
Nev. at 228, 88 P.3d at 844; NRAP 21(b)(1), and for this reason, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Robert Teuton, District Judge, Family Court Division
       Clark County District Attorney/Juvenile Division
       Hanratty Law Group
       Thomas D.
       Eighth District Court Clerk